LILES, WOODIE A. (Retired), Associate Judge.
Linda Sue Austin was hospitalized at Shands Teaching Hospital with a diagnosis of a brain tumor in danger of causing herniation. She was a resident of the City of Jacksonville and had previously been treated on an outpatient basis at Shands. On the particular day she was hospitalized, the attending physician determined her condition required immediate emergency hospitalization. Because she was an indigent, Shands, pursuant to Section 154.306, Florida Statutes, submitted the hospital bill for her treatment to the City of Jacksonville. The City refused to pay the bill and the matter was referred to a hearing officer, who conducted a hearing pursuant to Section 154.-312, Florida Statutes. The hearing officer held that Jacksonville was not required to pay the bill for the reason that Austin, even though an indigent resident of Jacksonville, should have been treated in Jacksonville because its hospital was also a regional referral hospital under the statute, and the rule required that “no county shall be required to pay for services at a regional referral hospital when such services are available in a local hospital in the county where the indigent resides.” The statute makes an exception to this rule where the patient is treated for any emergency medical condition which will deteriorate from failure to provide such treatment when the attending physician determines the condition to be of an emergency nature. The effect of the hearing officer’s order was that Austin should have returned to Jacksonville for treatment since there was a regional referral hospital in Jacksonville.
We disagree with the hearing officer’s recommended order and with the City of *908 Jacksonville’s formal adoption of the order. The attending physician found that Austin was suffering from a brain tumor and needed immediate treatment then and there. Since Shands Teaching Hospital was also a regional referral hospital, and since Austin was a resident of the State of Florida and of the county being requested to pay, and she was a certified indigent by the county wherein she resided, and since the emergency medical treatment was diagnosed and was rendered in a regional referral hospital, even though not in the county in which she resides, and the condition would deteriorate from failure to provide such treatment, the criteria of the statute was met and the City of Jacksonville should pay Shands Teaching Hospital the total sum of the medical bill.
REVERSED AND REMANDED with directions for proceedings consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.